LISKOW & LEWIS
*Attorneys for Plaintiff*
*Zim Integrated Shipping Services Ltd.*
11 Broadway, Suite 615
New York, NY 10004
Tel.: (332) 286-5283
William H. Yost, Esq.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZIM INTEGRATED SHIPPING SERVICES, LTD.<br><br>Plaintiff,<br><br>- against-<br><br>TD LOGISTICS, INC.,<br>DOWN QUARK SYSTEMS LLC,<br>SUNNYSIDE DIGITAL INC., and<br>JOHN DOE CORPORATE ENTITIES NOS. 1-5,<br><br>Defendants. | **AMENDED COMPLAINT** |

Plaintiff ZIM INTEGRATED SHIPPING SERVICES, LTD. ("Zim" or "Plaintiff"), by and through its attorneys, Liskow & Lewis, as and for its Amended Complaint against Defendants TD LOGISTICS, INC. ("TDL"), DOWN QUARK SYSTEMS LLC ("DQS"), SUNNYSIDE DIGITAL INC. ("SUNNYSIDE"), AND JOHN DOE CORPORATE ENTITIES NOS. 1-5 ("Doe Defendants") (collectively, "Defendants") alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This action involving a maritime contract for the demurrage of shipping containers booked for ocean carriage from a foreign country to the United States properly lies within the maritime jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333 and Federal Rule of Civil Procedure 9(h).

#6992111v1

2.      This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because the value of the amount in controversy exceeds $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between the parties.

3.      Venue is proper in this Court pursuant to the terms of the governing bills of lading and applicable law. Upon information and belief, TDL, DQS and Sunnyside are each bound by the terms and conditions of the governing bills of lading, including the forum-selection clause contained therein, as Merchants and/or through their conduct, agency relationships, and ratification of the transactions giving rise to this action.

## THE PARTIES

4.      Zim is a foreign business entity with a principal place of business in Haifa, Israel, and operates as a vessel operating common carrier.

5.      Upon information and belief, TDL is a California corporation, with a principal place of business located at 17800 Castleton Street, Suite 580, City of Industry, CA 91748.

6.      Upon information and belief, DQS is a Delaware limited liability company. The identity and citizenship of DQS's members are not publicly available and are uniquely within DQS's possession and control. Upon information and belief, none of DQS's members shares citizenship with Plaintiff. In a Verified Complaint filed before the Federal Maritime Commission ("FMC"), DQS alleges that it owned the cargo at issue in this action, managed the commercial use of the cargo, and, to the extent any demurrage charges are determined to be valid, "would be the proper party responsible" for payment of the demurrage invoices at issue herein.

7.      Upon information and belief, Sunnyside is an Ontario, Canada corporation. In its Verified Complaint before the FMC, Sunnyside alleges that it served as the importer of record for

-2-

#6992111v1

the subject shipments and acted as DQS's agent with respect to the shipments and related transactions.

8.    Plaintiff is presently unaware of the identity of the Doe Defendants. Upon information and belief, the Doe Defendants participated in the transactions and events giving rise to this action and may be liable, in whole or in part, for the claims asserted herein. To the extent necessary, Plaintiff will seek leave to substitute the true name of the Doe Defendants when their identity becomes known.

## FACTS

9.    Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations contained in Paragraphs 1-8 of this Amended Complaint.

10.    In or around March 17, 2025, Zim issued seven (7) bills of lading (nos. ZIMUSNH7771953,    ZIMUSNH7771954,    ZIMUSNH7771955,    ZIMUSNH7771956, ZIMUSNH7771957, ZIMUSNH7771958, and ZIMUSNH7771959) (collectively, the "Bills of Lading"), governing the transport of containerized goods from Shanghai, China to Houston, Texas, all of which identified TDL as the consignee.

11.    Zim transported approximately 20 separate containers under each of the seven Bills of Lading, for a total of 147 containers (hereinafter, collectively, the "Containers").

12.    Zim duly performed its transport services as an ocean carrier and discharged all Containers without incident at the Port of Houston, Texas on/about April 18-19, 2025.

13.    Pursuant to the terms of the Bills of Lading, Zim's tariff, and applicable law, persons identified in or otherwise bound by the Bills of Lading, including TDL and, upon information and belief, DQS and Sunnyside, were required to retrieve the Containers at the Port

#6992111v1

of Houston within the contractual "free time" period, failing which daily demurrage (i.e., storage) charges would begin to accrue.

14.    The responsible cargo interests, including TDL, DQS, and Sunnyside, failed to retrieve any of the Containers within the contractual free time period, and demurrage charges began to accrue on/about April 25, 2025.

15.    The responsible cargo interests, including TDL, DQS, and Sunnyside, failed to retrieve the Containers from the Port of Houston until September 24-26, 2025, meaning demurrage charges accrued between April 25, 2025 and September 24-26, 2025.

16.    On September 29, 2025, Zim issued seven (7) separate demurrage invoices to TDL (nos. DIAH1660079856, DIAH1660079857, DIAH1660079858, DIAH1660079859, DIAH1660079861, DIAH1660079862, and DIAH1660079863) (collectively, the "Demurrage Invoices"), one for each Container.

17.    The Demurrage Invoices were issued to TDL in its capacity as a cargo interest and/or in its capacity as an agent for other cargo interests, including DQS and/or Sunnyside.

18.    The combined total amount due under the seven Demurrage Invoices is $7,050,260.00.

19.    As stated in the Demurrage Invoices, payment was due by September 29, 2025.

20.    As of the filing of this Complaint, none of TDL, DQS or Sunnyside have made any payment toward the Demurrage Invoices, despite due demand.

21.    Since the commencement of this action, Plaintiff has learned additional facts concerning the identities of the parties responsible for the Demurrage Invoices through, among other things, the Verified Complaint filed by DQS and Sunnyside before the FMC (the "FMC Proceeding").

22.    Upon information and belief, DQS owned the subject Containers, managed their commercial use, and provided the funds used to pay charges associated with the shipments that are the subject of this action. DQS has admitted these facts in the FMC Proceeding.

23.    Upon information and belief, DQS was one of the parties responsible for the subject shipments and any demurrage charges arising therefrom.

24.    Plaintiff pleads, in the alternative, that DQS, TDL, Sunnyside, one or more Doe Defendants, and/or other presently unidentified cargo interests are each liable, individually, jointly, or severally, for the Demurrage Invoices under the governing Bills of Lading, applicable law, principles of agency, ratification, assumption, adoption, and/or otherwise.

25.    DQS alleges in the FMC Proceeding that "While the October 29, 2025 billing dispute was submitted on behalf of DQS's parent entity Elektron (and not TD Logistics), DQS qualifies as a 'billed party' under 46 C.F.R. 541.3, including (*inter alia*) insofar as DQS is a 'person…who is responsible for the payment of any incurred demurrage or detention charge'; and also as a 'consignee' under Section 541.3—i.e. an 'ultimate recipient of the cargo [or] person to whom final delivery of the cargo is to be made'—which would (to the extent applicable) bring DQS within the 'Merchant' definition in Zim's BLs. *See* Zim's BL Terms & Conditions *available at* http://www.zim.com/help/bl-terms-and-conditions)".

26.    DQS further alleges in the FMC Proceeding that, "[t]o the extent any of the demurrage…charges at issue in this matter are determined to be valid and properly chargeable (which Complainants dispute), DQS would be the proper party responsible to pay any such amounts," including the Demurrage Invoices that are the subject of this action.

#6992111v1

27.     Upon information and belief, Sunnyside served as importer of record for the subject shipments and acted as DQS's agent with respect to those shipments and related transactions. Sunnyside has admitted these facts in the FMC Proceeding.

28.     Upon information and belief, Sunnyside is independently liable for the Demurrage Invoices as importer of record, Merchant, cargo interest, principal, contracting party, and/or otherwise under the governing Bills of Lading and applicable law. Alternatively, to the extent Sunnyside contends that it acted solely on behalf of DQS or another principal, Plaintiff pleads such agency relationship in the alternative without waiving its claims against Sunnyside.

29.     Upon information and belief, TDL acted as an agent for one or more of the cargo interests with respect to the subject shipments, including by receiving and forwarding communications and Demurrage Invoices from Plaintiff, forwarding those communications and Demurrage Invoices to the cargo interests, and otherwise acting on their behalf with respect to the importation and delivery of the Containers. DQS and Sunnyside have admitted in the FMC Proceeding that TDL acted as destination agent for the shipments.

30.     Upon information and belief, TDL acted as agent for one or more undisclosed principals in connection with the subject shipments. Plaintiff pleads, in the alternative, that (a) TDL is independently liable for the Demurrage Invoices as consignee, Merchant, contracting party, and/or otherwise under the governing Bills of Lading and applicable law; (b) one or more principals for whom TDL acted are independently liable; or (c) TDL and such principals are jointly and severally liable for the Demurrage Invoices.

31.     Upon information and belief, the Demurrage Invoices issued by Plaintiff to TDL were delivered to TDL in its capacity as agent for the cargo interests, including DQS, Sunnyside, one or more Doe Defendants, and/or other cargo interests for whom TDL was acting.

-6-

#6992111v1

32.     Upon information and belief, DQS, Sunnyside, and TDL acted in concert with respect to the importation of the subject shipments and the receipt, review, and handling of the Demurrage Invoices.

33.     Alternatively, through their conduct, including by alleging in the FMC Proceeding that DQS is the proper party responsible for any valid demurrage charges relating to the Demurrage Invoices, seeking affirmative relief with respect to those same invoices, and otherwise treating those invoices as charges asserted against them, DQS and Sunnyside ratified TDL's actions in receiving and forwarding the Demurrage Invoices, acting on behalf of one or more cargo interests, including DQS and/or Sunnyside, with respect to those invoices, and communicating with Plaintiff concerning the subject shipments.

34.     Alternatively, upon information and belief, by challenging the validity and amount of the Demurrage Invoices before the FMC, alleging that DQS would be responsible for any valid charges reflected therein, and seeking affirmative relief concerning those invoices, DQS adopted and accepted those invoices as invoices for which it claimed responsibility.

35.     Upon information and belief, DQS contends that it was the proper billed party for the Demurrage Invoices. Plaintiff pleads that contention in the alternative and alleges that DQS is liable for the Demurrage Invoices.

36.     Upon information and belief, Sunnyside participated in the importation of the subject shipments, communicated with TDL concerning the Demurrage Invoices, received and reviewed those invoices, and asserted rights concerning those invoices before the FMC.

37.     Upon information and belief, TDL, DQS, Sunnyside, and one or more Doe Defendants each qualify as "Merchants" within the meaning of the governing Bills of Lading and are bound by their terms and conditions, including the New York forum-selection clause.

-7-

#6992111v1

38. Upon information and belief, receipt of the Demurrage Invoices by TDL constituted receipt by the principal or principals for whom TDL acted.

39. Upon information and belief, the Demurrage Invoices that are the subject of this action are the same invoices challenged by DQS and Sunnyside in the FMC Proceeding.

## FIRST CLAIM FOR RELIEF—BREACH OF CONTRACT

40. Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations contained in Paragraphs 1-39 of this Amended Complaint.

41. At all relevant times, each Defendant was bound by the governing Bills of Lading and/or otherwise became liable for the obligations arising thereunder as a consignee, Merchant, cargo interest, principal, contracting party, through agency, ratification, adoption, assumption, or otherwise.

42. Plaintiff fully performed all obligations required of it under the governing Bills of Lading, applicable tariff, and applicable law. Defendants TDL, DQS, Sunnyside, and/or one or more Doe Defendants breached their obligations thereunder by failing to timely retrieve the Containers and by failing to pay the Demurrage Invoices. Plaintiff pleads, in the alternative, that each Defendant is liable, individually, jointly, or severally, as consignee, Merchant, cargo interest, principal, contracting party, agent, and/or otherwise under the governing Bills of Lading and applicable law.

43. As a result of Defendants' breaches, Zim has sustained damages in the amount of $7,050,260.00 (seven million fifty thousand two-hundred sixty and 0/100 dollars).

## SECOND CLAIM FOR RELIEF—QUANTUM MERUIT

44. Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations contained in Paragraphs 1-43 of this Amended Complaint.

#6992111v1

45.    In the alternative, and to the extent it is determined one or more Defendants are not bound by the applicable contracts, Plaintiff provided ocean transportation, equipment usage, storage, and related services to or for the benefit of TDL, DQS, Sunnyside, one or more Doe Defendants, and/or other cargo interests in connection with the subject shipments

46.    Defendants knowingly  accepted, retained, used, and benefited from those services under circumstances in which they knew or reasonably should have known that  Plaintiff expected to be compensated.

47.    The reasonable value of the services rendered by Zim is $7,050,260.00 (seven million fifty thousand two-hundred sixty and 0/100 dollars), which amount Defendants have failed and refused to pay despite due demand.

48.    Upon information and belief, Defendants accepted and retained the benefit of Plaintiff's transportation, equipment, storage, and related services by receiving delivery of the subject shipments, retaining possession or control over the Containers, and participating in the receipt, review, and dispute of the Demurrage Invoices without paying the reasonable value of those services.

WHEREFORE, Plaintiff ZIM INTEGRATED SHIPPING SERVICES, LTD. respectfully requests that judgment be entered in its favor and against Defendants TD LOGISTICS, INC., DOWN QUARK SYSTEMS LLC, SUNNYSIDE DIGITAL INC., DOE DEFENDANTS 1-5, and/or any one of them, jointly and severally, or individually as the evidence may establish, as follows:

a.  For damages in the amount of $7,050,260.00, or such other amount as may be proven at trial;

b.  For pre-judgment and post-judgment interest as allowed by law;

#6992111v1

c.  For costs of suit, including reasonable attorneys' fees as permitted by the Bills of Lading, Zim's tariff, or applicable law; and

d.  For such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 27, 2026

LISKOW & LEWIS
*Attorneys for Plaintiff*
*Zim Integrated Shipping Services Ltd.*

By:    /s/ William H. Yost

_____

William H. Yost
11 Broadway, Suite 615
New York, NY 10004
Tel.: (332) 286-5283
whyost@liskow.com

To    Via ECF
Thomas L. Tisdale, Esq.
Tisdale & Nast Law Offices, LLC
10 Spruce Street
Southport, CT 06890

Henry P. Gonzalez, Esq.
Gonzalez del Valle Law
1250 Connecticut Ave., N.W., Suite 700
Washington, DC 20036

*Attorneys for Defendant*
*TD Logistics, Inc.*

-10-

#6992111v1