USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 10/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZIM INTEGRATED SHIPPING SERVICES, LTD.,

Plaintiff,

-v-

TD LOGISTICS, INC., ET AL.,

Defendants.

**ORDER**

25-CV-9492 (AT) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge:**

Plaintiff Zim Integrated Shipping Services Ltd. ("Zim") brings this action against Defendants TD Logistics, Inc. ("TDL"), Down Quark Systems LLC ("DQS"), Sunnyside Digital Inc. ("Sunnyside"), and five John Doe Corporate Entities ("Doe Defendants") alleging breach of contract and quantum meruit. ECF No. 49 (the "Amended Complaint" or "AC"). Defendant TDL moved to stay the action pending the determination of a "Charge Complaint" that it filed with the Federal Maritime Commission (the "FMC"). ECF Nos. 36–38. For the reasons described below, TDL's motion for a stay is **DENIED**.

## I. BACKGROUND

### A. Factual Background

This litigation concerns a shipment of 147 cargo containers from Shanghai, China to Houston, Texas in the spring of 2025. AC at 3.[1] Zim is an Israeli company that operates shipping vessels. *Id.* at 2. According to the Amended Complaint, Zim

[1] Page numbers cited for docket filings refer to the ECF-generated pagination.

was hired to ship cargo owned by DQS to another entity, Sunnyside,[2] which served as the U.S. importer of record for these shipments. *Id.* at 2–3. TDL claims it had a limited role in the shipments, serving as a "destination agent" and/or "notify party." ECF No. 37 at 8. In other words, TDL says its only job was to notify Sunnyside when the cargo arrived, for which it received $50.00 per shipment. *Id.*

Despite its supposedly limited role, the bills of lading for the shipments identified TDL as both the "notify party" and the "consignee." *Id.* Under certain FMC regulations, "consignee" is defined as "the ultimate recipient of the cargo; the person to whom final delivery of the cargo is to be made." 46 C.F.R. § 541.3.

After its arrival in Houston, the cargo was subject to a customs hold. ECF No. 37 at 9. As a result, Zim invoiced TDL for approximately $7 million in "demurrage" charges for the extra time that elapsed before the cargo was retrieved. AC at 4. TDL denies responsibility for these charges due to its limited role, and apparently forwarded the invoices to Sunnyside, which disputed Zim's charges. ECF No. 37 at 9. After not receiving payment, Zim filed this action against TDL. *See* ECF No. 1. Zim later amended the complaint to add Sunnyside, DQS, and five Doe corporations as defendants. *See* AC. After litigation commenced, TDL filed a Charge Complaint with the FMC concerning Zim's demurrage charges. ECF No. 37-1. Sunnyside and DQS later filed a separate complaint with the FMC. ECF No. 40-1.

---

[2] While the Amended Complaint identifies this entity as Sunnyside, other filings refer to the entity as "Elektron and SunnySide Digital Inc." *See* ECF No. 37 at 8.

### B. Procedural Background

Zim filed the original complaint on November 13, 2025, and an amended complaint on July 27, 2026. ECF No. 1; AC. TDL moved to stay the case on May 4, 2026. ECF Nos. 36–38. Zim opposed this motion on May 26, 2026, ECF No. 41, and TDL filed its reply on June 8, 2026, ECF No. 42. TDL supplemented its briefing at various points by filing a declaration containing the complaint that Sunnyside filed with the FMC, ECF No. 40, and a declaration indicating that TDL's Charge Complaint was no longer being investigated, ECF No. 43. TDL also filed a supplemental motion to stay, ECF No. 59, which Zim opposed, ECF No. 61.[3]

## II. DISCUSSION

TDL's motion asks to stay this case pending the determination of its Charge Complaint by the FMC. See ECF No. 37 at 12–20. After filing this motion, however, the FMC discontinued its investigation of TDL's Charge Complaint.[4] ECF No. 43 at 2–3. Thus, the entire premise of TDL's motion – that the FMC's determination of TDL's Charge Complaint would help resolve issues in this action – has vanished.

In a supplemental declaration submitted after the reply, TDL argues that a stay is nonetheless warranted because Sunnyside and DQS have a pending

---

[3] As a technical matter, this renewed motion for a stay was not referred to the undersigned, but it is duplicative of the instant motion and should be denied for the same reasons.

[4] The stated reason for discontinuing the investigation of the Charge Complaint was that the dispute was already being addressed in an action on the formal docket. ECF No. 43-1 at 2. This appears to be a reference to the complaint that Sunnyside and DQS filed with the FMC. ECF No. 40-1.

complaint before the FMC concerning the same shipment. *Id.* at 3. But the complaint filed by these other defendants, which apparently does not include TDL, was not the basis for this motion. *See* ECF No. 37. Indeed, that complaint was not filed until *after* TDL made this motion. *See* ECF No. 40-1. Further, these other defendants have asked to file their own stay motion based on their separate FMC complaint. *See* ECF No. 65. That motion has yet to be filed. Whether the FMC complaint filed by Sunnyside and DQS justifies a stay is better determined in the context of this potential future motion, as opposed to the present motion filed by TDL.

TDL's motion argues that a stay is appropriate based upon the doctrine of primary jurisdiction and by application of the factors that courts typically consider in determining whether to enter a stay. ECF No. 37 at 10. As described below, TDL fails to demonstrate that a stay is appropriate at this time.

### A. The Primary Jurisdiction Doctrine

"Recourse to the doctrine of primary jurisdiction is [] appropriate whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *Ellis v. Tribune TV Co.*, 443 F.3d 71, 81 (2d Cir. 2006). Courts consider four factors to determine whether to apply primary jurisdiction: "(1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) whether the question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a

prior application to the agency has been made." *Id.* at 82–83. This doctrine has two core purposes: "First, the doctrine seeks to foster uniformity and consistency in the regulation of business entrusted to a particular agency." *Palmer v. Amazon.com, Inc.*, 541 F.4th 491, 506 (2d Cir. 2022) (internal citation omitted). "Second, the doctrine recognizes that, for certain matters, the expert and specialized knowledge of the agencies should be ascertained before judicial consideration of the legal claim." *Id.* (internal citation omitted).

Here, the FMC has declined to address the issues that TDL raised in its Charge Complaint. ECF No. 43-2 ("The Federal Maritime Commission has discontinued its investigation of the above referenced charge complaint received under 46 USC §41310. No further action will be taken at this time."). Thus, even assuming that the first two *Ellis* factors are satisfied (*i.e.*, that this case involves "technical or policy considerations within the [FMC's] particular field of expertise" and that such issues are "particularly within the [FMC's] discretion"), the FMC's determination to take no further action on TDL's Charge Complaint means it will not promote the resolution of any issue before this Court. *Ellis*, 443 F.3d at 82–83. Turning to the third *Ellis* factor, the potential for an inconsistent ruling as a result of the Charge Complaint has vanished. *Id.* at 83. Accordingly, without a pending Charge Complaint before the FMC, "the reasons for the existence of the doctrine" are not present. *Id.* at 82.

### B. Factors Considered In Determining Whether to Enter a Stay

"A stay is not a matter of right" but "instead an exercise of judicial discretion[.]" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal citation omitted). In assessing whether a stay is appropriate, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (internal citation omitted).

First, TDL argues that it is likely to succeed on its Charge Complaint. ECF No. 37 at 17. Given that the investigation of this complaint has been discontinued, this argument is unpersuasive. ECF No. 43 at 2–3.

Second, TDL argues that it will be irreparably injured absent a stay because, as a small company, if it is found liable for $7,000,000, it will become insolvent. ECF No. 37 at 19. But "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). TDL's argument as to irreparable injury is not persuasive. The case remains in discovery, and an adverse judgment is not imminent. Further, now that other defendants have been added to the case, there is less of a chance that TDL would be solely responsible for

any demurrage charges. *See* AC. Also, these other defendants plan to file their own stay motion, which appears to be better-grounded than TDL's motion. ECF No. 65.

Third, TDL argues that Zim would not be burdened by a stay. ECF No. 37 at 19. Zim counters that "a stay would substantially prejudice Zim by delaying its ability to prosecute straightforward maritime contract claims for unpaid demurrage charges arising under the governing bills of lading and tariff." ECF No. 41 at 16. This argument amounts to little more than a general interest in pursuing this case. It could be made in opposition to any stay motion and is not particularly persuasive. This third factor does not weigh strongly in either direction.

Finally, TDL argues that the public interest weighs in favor of a stay because waiting for a decision on its Charge Complaint would prevent inconsistent rulings and allow for more efficient case administration. ECF No. 37 at 20. But the FMC's decision not to investigate TDL's Charge Complaint effectively guts this argument. ECF No. 43 at 2–3.

Accordingly, TDL has not demonstrated that the four *Nken* factors weigh in favor of a stay.

## III. CONCLUSION

For the reasons described above, TDL's motion to stay the case is **DENIED**. The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 36 as **DENIED**. This ruling shall not be construed as affecting any future motion for a stay filed by the other defendants based upon their separate FMC complaint.

**SO ORDERED.**

Dated: October 16, 2026
New York, New York

Henry J. Ricardo
United States Magistrate Judge